UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHRISTOPHER JOHNSON, on his
own behalf and on behalf of others
similarly situated,

  Plaintiffs,

              Case No.:

vs.

NOBU ASSOCIATES SOUTH BEACH,
LP, a Foreign Limited Partnership

  Defendant.        /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, CHRISTOPHER JOHNSON, on his own behalf and on behalf of those similarly situated ("Plaintiffs"), was an employee of Defendant, NOBU ASSOCIATES SOUTH BEACH, L.P., ("Defendant"), and brings this action for unpaid overtime compensation, unpaid minimum wage compensation liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and Article X, Section 24 of the Florida Constitution.

### I. NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct.

1

1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime and minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every employee who was subject to the Defendant's tip credit pay scheme within the past three (3) years.

### II. PARTIES

3. Plaintiff was an hourly paid service worker and performed related activities for Defendant in Miami-Dade County, Florida.

4. Defendant is an upscale Japanese restaurant located within the luxurious Shore Club hotel and resort on Miami Beach, Florida. Therefore, venue is proper in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

### III. JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### IV. COVERAGE

7. At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### V. FACTUAL ALLEGATIONS

11. Defendant operates an upscale Japanese restaurant located within the luxurious Shore Club hotel and resort on Miami Beach, Florida.

12. As part of its operation, Defendant and/or its parent company operates twenty-five restaurants in twenty-one different cities, spanning over five different continents.

13. Defendant employs hundreds of servers, host(esses), bussers, runners, cooks, and bartenders.

14. Plaintiff worked for the Defendant as a server from approximately April 1, 2006 through November 28, 2009.

15. Plaintiff worked over forty hours during multiple weeks of employment with Defendant.

16. Defendant employs hundreds of similarly situated employees who worked over forty hours during multiple weeks of employment with Defendant.

17. Defendant pays this group of employees an hourly rate of pay, plus tips.

18. Defendant attempted to pay this group of employees a reduced gross hourly wage pursuant to §3(m) of the Act.

19. Servers are required to share their tips with other non-tipped employees.

20. Defendant took illegal tip deductions from Plaintiff and those similarly situated to him in violation of the Act.

21. Defendant has employed and is employing other individuals as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendant.

23. Plaintiff and the class members receive an hourly wage.

24. Plaintiff and the class members customarily receive tips in addition to their hourly wage.

25. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to illegal tip deductions, required to share their tips with non-tipped employees.

26. Defendant's common policy violations have caused Plaintiff and the class members to receive less than minimum wage and were also paid at a rate of less than time and a half for all overtime hours worked.

27. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of minimum wages and overtime to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All hourly paid employees subject to Defendant's hourly pay plus tips pay provisions, who worked at Defendant's restaurant within the last three years, and who were not compensated at applicable minimum wage rates for all hours worked and time-and-one-half for all hours worked in excess of 40 hours in a workweek**

28. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

29. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c)

Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

31. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 above.

33. Plaintiff and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid proper time and one half compensation for same.

34. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to liquidated damages.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

36. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-35 above.

37. Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wage for each hour worked during employment with Defendant.

38. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff for the same as a result of the facts asserted in ¶¶30-31.

39. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wages were reduced below the applicable Federal minimum wage requirement.

40. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

41. In addition, Defendant failed to post the required posting regarding minimum wage requirements.

42. Defendants failed to maintain required records regarding Plaintiff's time and pay as required by law.

43. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

44. Plaintiff demands a trial by jury.

## COUNT III - RECOVERY OF MINIMUM WAGES (STATE LAW)

45. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-44 above.

46. Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wage for each hour worked during employment with Defendant.

47. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff a result of the facts asserted in ¶¶30-31.

48. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wages were reduced below the applicable State minimum wage requirement.

49. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

50. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him/them;

c) The payment of all hours at applicable minimum wage rates;

d) Liquidated damages;

e) Reasonable attorneys' fees and costs incurred in this action;

f) A declaration that Plaintiffs and the Opt-in Plaintiffs were wrongfully denied applicable minimum wage and overtime wages as required by law.

g) Pre- and post-judgment interest as provided by law;

h) Trial by jury on all issues so triable;

i) Any and all further relief that this Court determines to be appropriate.

Dated this 25th day of May, 2010.

> Morgan & Morgan, P.A.
> 6824 Griffin Road
> Davie, FL 33314
> Telephone: (954) 318-0268
> Facsimile: (954) 333-3515
> Email: kamritt@forthepeople.com
> Attorneys for Plaintiff
>
> _____
> Kelly Amritt, Esquire
> FBN 0648779