IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21691-CV-KING

CHRISTOPHER JOHNSON, on his
own behalf and on behalf of others
similarly situated,

      Plaintiffs,

v.

NOBU ASSOCIATES SOUTH BEACH,
LP, a Foreign Limited Partnership,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFFS' AMENDED COMPLAINT

THIS CAUSE comes before the Court upon Defendant Nobu Associates South Beach, LP's Motion to Dismiss Count III of Plaintiffs' Amended Complaint (DE #31), September 23, 2010.[1] On September 24, 2010, Plaintiff Christopher Johnson filed his Response in Opposition to Defendant's Motion to Dismiss (DE #34).

As basis for its Motion to Dismiss, Defendant argues that Count III of Plaintiffs' Amended Complaint states precisely the same cause of action that Plaintiffs had earlier voluntarily dismissed. Count III, entitled Recovery of Minimum Wages (State Law) by Plaintiffs, claims entitlement to minimum wages under Section 448.110, Florida Statutes. In the Amended Complaint, Plaintiffs allege that "Defendant has willfully failed to pay Plaintiff the full and proper minimum wage for one or more weeks of work contrary to Article X, Section 24 of

---

[1] This partial Motion to Dismiss has been well briefed by the parties, as Plaintiff filed a Response (DE #34) on September 24, 2010, and Defendant filed a Reply (DE #34) on October 4, 2010. The matter is therefore ripe for consideration.

the Florida Constitution." Am. Compl. ¶50. Defendant states that it tendered the full amount due to Plaintiff and to three other individuals who had opted into this lawsuit: Jelitsa Zuluaga, John Zuluaga, and Alberto Noborikawa Murphy. (DE #31 at 3). In support of its tender, Defendant attaches an affidavit of its attorney, Edward Diaz. (DE #31-1). Defendant therefore seeks dismissal of Count III, as well as appropriate costs necessitated by Plaintiffs' re-filing of Count III in disregard of Section 448.110, Florida Statutes.

Plaintiffs responded to Defendant's Motion to Dismiss, stating that their claims were not resolved to its satisfaction under Florida law, and therefore they were entitled to bring an action against Defendant for unpaid wages. (DE #34 at 2). Plaintiffs admit that they rejected Defendant's tender, although they do not provide a basis for that refusal, apart from Defendant's "failure to produce Plaintiffs' pay and time records." *Id.*

In reply, Defendant notes that it has complied with the wording of the pertinent Florida statute, and that simply because Plaintiffs have rejected the monies due to them does not permit them to seek recovery under the Florida Minimum Wage Act. (DE #35). Additionally, Defendant notes that the added plaintiffs identified by demand letters (DE #27, 29) have failed to comply with the notice requirements under the FMWA.

I.   Standard for Motion to Dismiss

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (6), the Court's analysis is generally limited to the four corners of the plaintiff's complaint and the attached exhibits. *Grossman v. Nationsbank,* 225 F.3d 1228, 1231 (11th Cir.2000). The Court must also accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Caravello v. American Airlines, Inc.,* 315 F.Supp.2d 1346, 1348 (S.D.Fla.2004) (citing *United States v. Pemco Aeroplex, Inc.,* 195 F.3d 1234, 1236 (11th Cir.1999) (en banc)). To

survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The issue to be decided by the Court is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds* by *Davis v. Scheuer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984).

II.   Discussion

The pertinent section of the FMWA states as follows:

> Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Fla. Stat. § 448.110(6)(a). "To prevail on a claim for payment of minimum wages under the FWMA, a plaintiff must first establish the same three elements required under the FLSA: (1) that the plaintiff was employed by an employer covered by the FLSA during the time period involved; (2) that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law." *Kwasnik v. Charlee Family Care Servs. of Central Fla., Inc.,* No. 08-926, 2009 WL 1607809 (M.D. Fla. June 9, 2009). The third prong is therefore at issue.

Here, Defendant alleges it has tendered full payment of Plaintiffs' wages and Plaintiff disagrees, although it cites no basis for that disagreement. While this Court agrees with Defendant that a plaintiff may not simply refuse full payment in compliance with the FMWA in

order to file suit, nonetheless Plaintiffs are entitled to determine the extent of Defendant's liability. Where it can be shown, however, that Plaintiffs had no basis for refusal of what later proves to be full payment by a former employer, the Court will consider appropriate remedies to fashion on the behalf of Defendant, such as sanctions under Federal Rule of Civil Procedure 11 for frivolous litigation.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. The Court **DENIES without prejudice** Defendant's Motion to Dismiss (DE # 13). If appropriate, this issue may be raised at a later time when the evidence then before the Court will support such a determination.

2. Defendant shall **ANSWER** Plaintiff's Amended Complaint (DE #1) within **15 days, on or before November 11, 2010.**

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 28th day of October, 2010.

/s/ James Lawrence King
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

**Counsel for Plaintiff**
Lowell J. Kuvin
Law Office of Lowell J. Kuvin
17 East Flagler Street
Suite 223
Miami, FL 33132
305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com

**Kelly Allyssha Amritt**

Morgan & Morgan
6824 Griffin Road
Davie, FL 33314
954-318-0268
Fax: 954-333-3515
Email: kamritt@forthepeople.com

**Lowell J. Kuvin**
Law Office of Lowell J. Kuvin
17 East Flagler Street
Suite 223
Miami, FL 33132
305-358-6800
Fax: 305-358-6808
Email: lowell@kuvinlaw.com

**Counsel for Defendants**
**Edward Diaz**
Holland & Knight
701 Brickell Avenue
Suite 3000
Miami, FL 33131
305-374-8500
Fax: 789-7799
Email: edward.diaz@hklaw.com