UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:  1:10-cv-21691-JLK

CHRISTOPHER JOHNSON, on his
own behalf and on behalf of others
similarly situated,

    Plaintiffs,

vs.

NOBU ASSOCIATES SOUTH BEACH,
LP, a Foreign Limited Partnership

    Defendant.                    /

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO DISMISS COUNT III OF
PLAINTIFFS' AMENDED COMPLAINT AND MOTION FOR COSTS
PURSUANT TO RULE 41(d)**

'Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiffs file his Response in Opposition to Defendant's Renewed Motion to Dismiss Count III of Plaintiffs' Amended Complaint and Motion for Costs Pursuant to Rule 41(d) ("Defendant's Motion") and state as follows:

    I.    **PROCEDURAL HISTORY**

On August 1, 2010, and pursuant to the Florida Minimum Wage Act ("FMWA"), Defendant was provided with notice of the claims of Plaintiff and Opt-In Plaintiffs, Jelitsa Zuluaga, John Zuluaga and Alberto Noborikawa (collectively "Plaintiffs").  The notice was in full compliance with the FMWA as it identified: (i) the minimum wage to which Plaintiffs were seeking entitlement, (ii) the estimated work dates and hours for which payment was being sought, and (iii) the total amount of the alleged unpaid wages through the date of the notice.  On August 16, 2010, via correspondence, Defendant

1

alleged that the notice provided by Plaintiffs was deficient in that it failed to identify the actual work dates and hours for which payment was being sought. Additionally, on August 18, 2010, Defendant tendered checks for each Plaintiff asserting full compliance with the FMWA, despite the fact that the checks tendered were for the incorrect amounts owed to Plaintiffs. So that there would be no question as to the sufficiency of the notice provided by Plaintiffs, on August 24, 2010, Plaintiffs provided further information to Defendant to cure the alleged deficiency asserted by Defendant. At this time, Plaintiffs also requested copies of their pay and time records so they could review same for accuracy, determine the amounts owed to them, and provide Defendant with an offer for settlement.

After weeks of not receiving the requested records, on September 9, 2010, Plaintiffs filed an Amended Complaint to include a count for unpaid minimum wages pursuant to the FMWA. Subsequently, Defendant produced Plaintiffs' pay and time records and Plaintiffs were able to confirm that the amounts initially tendered by Defendant on August 18, 2010 were for less than what they are rightfully owed under the FMWA and unbeknownst to Plaintiffs, Defendant was unilaterally deducting time from Plaintiffs actual daily hours worked throughout their employment. Despite the fact that Defendant failed to tender the actual amounts owed to Plaintiffs within 15 days of the notice provided by Plaintiffs, on September 23, 2010, Defendant filed a Motion to Dismiss Count III of Plaintiffs' Amended Complaint.

By Court Order dated October 17, 2010, Magistrate Judge Bandstra set Defendant's Motion to Dismiss for hearing. However, on October 28, 2010, Judge King entered an Order denying Defendant's Motion and requiring Defendant to file an Answer to Plaintiffs Complaint. Although Judge King's Order was later vacated, and Defendant

2

filed a Renewed Motion to Dismiss Count III of Plaintiffs' Complaint, for the same reasoning contained within Judge King's Order, Plaintiffs respectfully request that Defendant's Motion be denied in its entirety.

## II. MEMORANDUM

### A. PLAINTIFFS' NOTICE SATISFIES THE REQUIREMENTS SET FORTH BY THE FMWA

The notice provided by Plaintiffs was in full compliance with the FMWA as it identified: (i) the minimum wage to which Plaintiffs were seeking entitlement, (ii) the estimated work dates and hours for which payment was being sought, and (iii) the total amount of the alleged unpaid wages through the date of the notice. Additionally, Plaintiffs' notice provided additional detail in that it specified the amount of liquidated damages being sought, and also advised Defendant that Plaintiff would be seeking to amend its Complaint, should Defendant fail to tender the amounts sought and owed.

### i) Plaintiffs' Demand For Liquidated Damages Does Not Invalidate Plaintiffs' Notice

The fact that Plaintiffs also sought payment of liquidated damages and attorneys' fees does not invalidate Plaintiffs' notice or otherwise make it defective, and Defendant has failed to provide any case law supporting a position to the contrary. As with cases filed under the Fair Labor Standards Act ("FLSA"), upon prevailing, a plaintiff is entitled to recover liquidated damages and attorneys' fees. Nothing in the FLSA prevents a plaintiff from requiring the payment of liquidated damages and/or attorneys' fees when making an initial offer to resolve their claim. Likewise, upon prevailing in an action brought pursuant to the FMWA, a plaintiff is entitled to recover liquidated damages and attorneys' fees. Nothing in the FMWA states that plaintiffs are prohibited from demanding the payment of same when providing their employer with the requisite notice.

Given that Defendant has been sued before for the exact same violations asserted in this matter, it is possible that liquidated damages would be recovered by Plaintiffs when they prevail. *See Agofonova v. NOBU Corp. et al.*, Case 07-cv-6926 SD N.Y. filed Aug 02, 2007. Accordingly, Plaintiffs were entitled to make a demand for liquidated damages in their notice to Defendant, and the inclusion of same does not make their notice under the FMWA deficient.

Simply put, because Defendant failed to tender the correct amounts owed to Plaintiffs (as confirmed a month later when Plaintiffs' pay and time records were eventually produced) within 15 days of receiving Plaintiffs' notice served pursuant to the FMWA, Plaintiffs were therefore entitled to Amend their Complaint when they filed same with the Court on September 9, 2010. Accordingly, while Defendant is now attempting to argue that it has tendered all monies owed to Plaintiff (which Plaintiffs dispute), the fact remains that Defendant failed to do so within the timeline set forth under the FMWA, Plaintiffs Amended Complaint is properly filed with this Court and there is no valid basis to dismiss Count III of same.

### B. THE CLAIMS OF OPT-IN PLAINTIFFS FELIPE CHRISTIANSEN AND ALFONSO PARRA SHOULD NOT BE DISMISSED

The intent of § 448.110(6)(a) is to provide enough information for the employer to be able to, within the 15 days, decide if they wish to pay the claim as stated, negotiate a settlement to the "satisfaction" of the employee, deny or ignore the notice, and risk further legal action. Plaintiffs do not dispute that notice pursuant to the FMWA has not been provided to Defendant with respect to the claims of Opt-In Plaintiffs Felipe Christiansen and Alfonso Parra. However, Defendant received notice of the claims of all potential plaintiffs, including Opt-In Plaintiffs Felipe Christiansen and Alfonso Parra, via:

4

Case 1:10-cv-21691-JLK   Document 57   Entered on FLSD Docket 12/17/2010   Page 5 of 8

(i) the Notices of Consent filed by Opt-In Plaintiffs Felipe Christiansen and Alfonso Parra on September 21, 2010; (ii) the Motion for Conditional Class Certification filed by Plaintiffs in this matter, and (iii) the correspondence forwarded to Defendant by Plaintiffs on August 21, 2010 and August 24, 2010. The FMWA, which requires individuals to provide their employer with notification of the alleged violation, does not address circumstances in which there is a potential class of individuals/employees alleging the same violation. It is impractical and unreasonable for Defendant to expect and/or require that each individual of the class serve notice when Defendant has previously been put on notice of the alleged violation. Similar to cases in which numerous individuals allege age and disability discrimination and only the main Plaintiff filing suit is required to satisfy the administrative requirements necessary for the filing of such a claim, Opt-In Plaintiffs Felipe Christiansen and Alfonso Parra should be permitted to piggyback on the claims of the Plaintiffs in this matter. As the Eleventh Circuit stated in *Gitlitz v. Compagnie Nationale Air France,* 129 F.3d 554 (11th Cir.1997), only plaintiffs who have filed an EEOC charge of discrimination are required to file suit within 90 days of the receipt of a right-to-sue letter; *See also Rhodes v. Cracker Barrel Old Country Store, Inc., 2002 WL 32058462, *50 (N.D.Ga.2002)*(only person seeking to represent the class must file suit within 90 days of receipt of right-to-sue letter); *Anderson v. Unisys Corp.,* 47 F.3d 302, 308-09 (8th Cir. 1995) (holding that nonfiling piggybacking plaintiffs who were demoted post-Civil Rights Act may opt into a class so long as the claimant upon whose EEOC charge they are piggybacking files suit within ninety days of receiving a right-to-sue letter from the EEOC). Based on the above reasoning, the claims of Opt-In Plaintiffs Felipe Christiansen and Alfonso Parra should not be dismissed. As there is no pre-suit notice requirement to bring claims for minimum wage and overtime pursuant to the

5

FLSA, should this Court determine that the claims of Felipe Christiansen and Alfonso Parra are due to be dismissed, they should only be dismissed from Count III of Plaintiffs' Amended Complaint.

### C. DEFENDANT'S ATTEMPTS TO DEFEAT THE FORMATION OF A CLASS SHOULD BE DENIED

Despite the fact that Plaintiffs provided adequate notice of their claims under the FMWA and the FLSA, Defendant failed to timely tender the correct amounts owed to Plaintiffs. Over one month after receiving Plaintiffs' notice served pursuant to the FMWA, Defendant finally produced Plaintiffs' pay and time records which enabled Plaintiffs to confirm that the amounts initially tendered by Defendant were incorrect in that the amounts tendered were for a lesser amount than that owed, and did not include compensation for time unilaterally deducted from Plaintiffs' daily hours worked. While Defendant has since tendered incorrect amounts to Plaintiffs, it has become increasingly apparent that Defendant's Motion is being used a vehicle for sabotaging Plaintiffs' Motion for Conditional Class Certification and the claim aggregating devices under the FLSA.

After providing Defendant with ample notice requesting that it properly compensate Plaintiffs for the amounts owed to them, and failing to do so, Defendant should not now be allowed to "pick off" Plaintiffs in this matter which encourages manipulation of cases and ultimately of the federal courts. Dismissing Plaintiffs' claims under the FMWA would accomplish that insofar as their claims under the FMWA subsume their claims for minimum wage under the FLSA. If Count III of Plaintiffs' Amended Complaint is dismissed, Defendant would inevitably seek to render Plaintiffs' claims for minimum wage under the FLSA as moot. Analogous to cases in which

defendant serves an offer of judgment in an attempt to moot a plaintiff's motion to certify a collective action, Defendant in this matter is attempting to tender payment, albeit incorrect payment, to Plaintiffs in an attempt to moot their claims for not only minimum wage under the FMWA, but also under the FLSA.  Defendant's Motion therefore underscores the unique danger of tactical manipulation in FLSA cases, as granting same under these circumstances would impair the Congressional preference for collective actions embodied in 216(b) and create a virtually unwinnable situation for plaintiffs in their collective action for minimum wage violations under the FLSA.  For this reason alone, Defendant's Motion is due to be denied.

    **D.**    **DEFENDANT IS NOT ENTITLED TO RECOVER ITS FEES AND COSTS PURSUANT TO REULE 41(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

With respect to Defendant's assertion that it is entitled to recover its costs and attorneys' fees associated with Plaintiffs voluntarily dismissing Count III of their Complaint, Defendant misinterprets the plain reading of Rule 41(d) of the Federal Rules of Civil Procedure.  Plaintiffs have not dismissed and/or re-filed an "action" with this Court, but have simply dismissed and re-filed an aspect of their claim.[1]  As Plaintiffs provided notice to Defendant pursuant to the FMWA, and Defendant failed to timely comply with same, Plaintiffs properly amended its Complaint to reassert the count initially dismissed from its initial Complaint.  Accordingly, as Plaintiffs' original action filed with this Court remains pending, there is no basis to award attorneys' fees and costs to Defendant.

---

[1] Important to note is that the dismissal and re-filing of Count III of Plaintiffs' Complaint was required to allow Plaintiffs to comply with the notice requirement set forth by the FMWA.  Plaintiffs' re-filing of Count III is far from a vexatious claim, which Rule 41(d) was intended to limit and/or discourage.

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion be denied in its entirety.

DATED this 17th day of December 2010.

>Morgan and Morgan, P.A.
>6824 Griffin Road
>Davie, Florida 33314
>Tel: 954-318-0268
>Fax: 954-333-3515
>E-Mail: KAmritt@forthepeople.com
>
>**s/ KELLY AMRITT**
>Kelly Amritt, Esquire
>FL Bar No.: 0648779

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system which I understand will send a copy to all counsel of record on this 17th day of December 2010.

>**/s/ KELLY AMRITT**
>Kelly Amritt, Esq.