UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21691-CIV-KING/BANDSTRA

CHRISTOPHER JOHNSON, on his own
behalf and on behalf of others similarly
situated,

      Plaintiffs,

v.

NOBU ASSOCIATES SOUTH BEACH,
LP, a Foreign Limited Partnership,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Defendant's Renewed Motion to Dismiss Count III of Plaintiffs' Amended Complaint [Pursuant to 12(b)(1)] and Motion for Costs Pursuant to Rule 41(d) (D.E. 55) filed on December 3, 2010; and Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (D.E. 25) filed on September 20, 2010. On September 24, 2010, and January 24, 2011, respectively, these motions were referred to the undersigned by the Honorable James Lawrence King for all necessary and proper action pursuant to 28 U.S.C. §636(b)[1]. Having carefully considered these motions, the responses and reply thereto, argument of counsel, the court file and applicable law, the undersigned recommends that

---

[1] The original motion to dismiss (D.E. 31) was referred to the undersigned, however, the Court instructed the parties, after an exchange of documentation, to submit the renewed motion referenced above which continues to be before the undersigned for review pursuant to the original order of reference.

Defendant's Renewed Motion to Dismiss Count III be GRANTED; and that Defendant's Motion for Costs be DENIED.[2] Further, the undersigned recommends that Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice be DENIED at this time as premature.

## BACKGROUND

Plaintiff, Christopher Johnson, initiated this action on May 25, 2010, with the filing of a three count complaint which sought damages for unpaid overtime compensation and unpaid minimum wages pursuant to the Fair Labor Standards Act and the Florida Minimum Wage Act. Three other former employees opted into this suit in June 2010 (Jelitsa Zuluaga, John Zuluaga and Alberto Murphy). On July 7, 2010, defendant moved to dismiss Count III, the claim for unpaid minimum wages under the Florida Minimum Wage Act ("FMWA"), for failure to comply with the pre-suit notice requirement set forth therein. In response, plaintiffs entered a voluntary dismissal of Count III. On August 5, 2010, this Court entered an Order dismissing Count III without prejudice.

On August 1, 2010, in an effort to comply with their pre-suit notice requirement, plaintiffs tendered a demand to defendant as required by the FMWA. This pre-suit notice made a demand for "monetary remuneration in the amount of [dollar amount redacted] (inclusive of unpaid minimum wages, liquidated damages, and attorneys' fees) within fifteen (15) days after your receipt of this demand." On August 16, 2010, defendant responded by indicating that the pre-suit notice was deficient but that, nonetheless, defendant tendered the proper payment which defendant believed was

---

[2] The undersigned recommends denial of defendant's request for fees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure in that the undersigned does not find that the identical claim was voluntarily dismissed initially. Defendant admits that plaintiffs' original complaint failed to contain allegations of complying with the pre-suit notice provision. In the Amended Complaint, plaintiffs did allege that the pre-suit notice had been provided, albeit in a deficient manner. As such, the undersigned does not find the claim identical or the imposition of costs warranted.

due and owing. In a letter dated August 24, 2010, plaintiffs attempted to clarify the dates for which payment was due and owing in an effort to more clearly comply with the pre-suit notice requirements.

Subsequently, on September 9, 2010, after rejecting defendant's tender, plaintiffs filed a three-count Amended Complaint again asserting claims for unpaid overtime compensation (count I) and minimum wages (count II) under the Fair Labor Standards Act, 29 U.S.C. Section 216(b), ("FLSA"), and a claim for unpaid minimum wages under Article X, Section 24 of the Florida Constitution (count III), seeking damages on behalf of himself and others similarly situated. On September 21, and September 22, 2010, two additional plaintiffs, Christiansen and Parra, filed notices of consent to join. Plaintiffs in this case concede that neither Christiansen nor Parra satisfied the pre-suit notice requirement. On September 23, 2010, defendant filed its Motion to Dismiss the Amended Complaint. On October 28, 2010, this Court denied the Motion to Dismiss Count III based on plaintiffs' representation that defendant's failure to produce plaintiffs' pay and time records inhibited their ability to determine the appropriateness of the tender. The Court determined that plaintiffs were entitled to determine the extent of defendant's liability.

On November 8, 2010, this Court vacated its Order denying the motion to dismiss and set the motion for hearing before the undersigned. On November 17, 2010, the parties appeared for oral argument on the motion to dismiss and were, thereafter, ordered to exchange all relevant documents demonstrating what amounts, if any, were owed to the claimants to rectify plaintiffs' inability to fully calculate the amounts due and owing despite any alleged deficiency in the pre-suit notices or the complete absence of same. Despite the exchange of all relevant documentation, the parties advised the undersigned that they were unable to resolve the issues in dispute in that plaintiffs were claiming

entitlement not only to the outstanding wages but also to liquidated damages and attorneys' fees.

On December 3, 2010, defendant filed this renewed motion to dismiss arguing that Count III of the Amended Complaint should be dismissed for failure to satisfy the pre-suit notice requirement mandated by the Florida Minimum Wage Act, Florida Statute Section 448.110(6)(a). On January 24, 2011, the undersigned was also referred plaintiffs' motion to conditionally certify collective action.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it is clear that no set of facts could be proven that would support a claim for relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir.1982). The court accepts all well-pleaded allegations as true and views the motion in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73.

However, when a party demonstrates that a condition precedent to filing suit has not been performed, dismissal of that claim is appropriate. *N-tron Corp. v. Rockwell Automation, Inc.*, 2010 WL 653760 (S.D. Ala. Feb. 18, 2010). Additionally, a federal court will dismiss a case if it lacks subject matter jurisdiction. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). A motion to dismiss under Rule 12(b)(1) as asserted herein may assert either a factual attack or a facial attack to jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252 (11th Cir. 2009). A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*[3]

---

[3] Count III of the Amended Complaint at Paragraph 49 states "Pursuant to Fla. Stat. 448.110, Plaintiff provided Defendant with notice of Plaintiff's minimum wage claims (ie. the minimum wage to which Plaintiff claims entitlement, work dates for which payment is sought,

## ANALYSIS

In Count III of Plaintiffs' Amended Complaint, plaintiffs seek to recover unpaid minimum wages under Article X, Section 24 of the Florida Constitution. The Florida Minimum Wage Act ("FMWA") which provides measures to implement Section 24, Article X of the State Constitution requires that

> the person aggrieved shall notify the employer...in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of the alleged unpaid wages through the date of the notice.

Florida Statute, Section 448.110(6)(a). After receiving notice, an employer has 15 calendar days to resolve the matter before the aggrieved employee may file a legal action:

> The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved. The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period. If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice.

---

and the total amount of alleged unpaid wages)." Additionally, Paragraph 50 states that "Notwithstanding the above, Defendant has willfully failed to pay Plaintiff the full and proper minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution." Although the Amended Complaint fails to attach the subject notices, the notices are nonetheless subject to this Court's review as an indispensable document referenced and relied on to allege a condition precedent to filing suit. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009). The record contained these notices and both parties reference the sufficiency and/or the insufficiency of the notices in their renewed motion, response and reply. Accordingly, the undersigned has reviewed same in detail to determine if they comply with the requirements of the Florida Minimum Wage Act. *Gross v. White,* 340 Fed. Appx. 527, 534 (11th Cir. 2009)(finding no error in district court's consideration of a document referenced in the amended complaint but attached only to the plaintiff's opposition to a motion to dismiss). Further, as previously stated, Rule 12(b)(1) authorizes the review of the notices as well.

Florida Statute, Section 448.110(6)(b).

In the instant case, as indicated above, only 4 out of the 6 plaintiffs have provided pre-suit notice to defendant. Opt-in plaintiffs Christiansen and Parra admit that they have failed to provide any statutory pre-suit written notification. Instead, they argue despite the clear statutory language to the contrary that "it is impractical and unreasonable for [d]efendant to expect and /or require that each individual of the class serve notice when [d]efendant has previously been put on notice of the alleged violation." Plaintiffs' response brief, pg. 5 (D.E. 57).

Reviewing this issue, the undersigned finds that it is not a defendant's expectation that is relevant but rather the statutory mandate. The statutory language is clear that a pre-suit notice is required prior to allowing an aggrieved person to bring a claim for unpaid minimum wages. Plaintiffs admit that the FMWA requires individuals to provide their employer with pre-suit notification of the alleged violation. Therefore, the undersigned recommends that plaintiffs Christiansen's and Parra's claims under the FMWA should be dismissed for failing to comply with a required condition precedent to bringing suit. Federal courts in this district have routinely dismissed claims brought under Section 24 of Article X of the Florida Constitution for failure to comply with the FMWA's notice requirement. See *Dominguez v. Design by Nature Corp.*, No. 08-20858-CIV-O'SULLIVAN, 2008 WL 4426721, at *2 (S.D. Fla. Sept. 25, 2008): *Resnick v. Oppenheimer & Co., Inc.*, No. 07-80609-CIV-MARRA, 2008 WL 113665, at *3 (S.D. Fla. Jan. 8, 2008).

In analyzing the sufficiency of the notice dated August 1, 2010, submitted for the first four plaintiffs, and subsequently amended on August 24, 2010, the undersigned finds that the notice failed to comply with the mandates of Florida Statute, Section 448. Specifically, the statute clearly states

that the notice must provide "the total amount of the alleged unpaid wages through the date of the notice." Further, the employer shall have 15 days after receipt of the notice to "pay the total amount of unpaid wages..." Here, plaintiffs made demand of their claimed unpaid wages "inclusive of unpaid minimum wages, liquidated damages, and attorneys' fees..." Plaintiffs argue that "[n]othing in the FMWA states that plaintiffs are prohibited from demanding payment of same [referencing liquidated damages and attorneys' fees] when providing their employer with the requisite notice." The undersigned finds that the statute clearly identifies that the unpaid minimum wages shall be provided in the notice. The statute then states that only upon an employer's failure to make tender within the 15 day cure period and upon prevailing in an action may an employee recover liquidated damages and attorneys' fees. Therefore, the undersigned finds that plaintiffs' pre-suit notice violated the terms of the pre-suit notice requirement by demanding more than the statute permits by requesting a total sum inclusive of liquidated damages and attorneys' fees.

Plaintiffs argue that defendant has failed to tender the "correct amount" yet plaintiffs have failed to make a proper demand. The undersigned finds the arguments regarding tender are irrelevant under the circumstances of this case. The initial question before the Court must be whether the pre-suit notice complied with the statutory mandates. An employer must be given proper pre-suit notice which identifies plaintiffs' demands for the alleged unpaid minimum wages. There is clearly no entitlement to demand liquidated damages or attorneys' fees under the Florida Minimum Wage Act pre-suit notice provision. In fact, allowing plaintiffs to require more than the alleged unpaid minimum wages thwarts the intent of the statute to encourage employers to enter into

pre-suit settlement of these claims.[4]  Plaintiffs cite no authority that entitles them to provide a deficient pre-suit notice or that requires payment of more than the unpaid wages, or to simply fail to provide any pre-suit notice.[5]

Simply put, liquidated damages and attorneys' fees are only available to a plaintiff who prevails in an action brought under FMWA. Florida Statute, Section 448.110(6)(c)(1) ("Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs.") An employer is not required to pay liquidated damages or attorneys' fees when it is tendering all unpaid wages in response to a plaintiff's statutorily mandated pre-suit demand. Therefore, unlike the Fair Labor Standards Act, the FMWA clearly contemplates that an employer who resolves FMWA claims within the prescribed time frame allowed in the statute would not be liable for liquidated damages or attorneys' fees. For these reasons, the undersigned finds that the August 1, 2010, and August 24, 2010 notices in which plaintiffs sought a lump sum which allegedly represented unpaid minimum wages, liquidated damages and attorneys' fees was improper and violated the provisions of the FMWA. Accordingly, the undersigned recommends that Count III of the Amended Complaint be dismissed for failure to

---

[4] Certainly, should plaintiffs claims still be viable under the applicable statute of limitations, they can simply provide proper pre-suit notice which may either be tendered by the employer satisfying the outstanding amounts due and owing for the alleged minimum wages owed. If defendant does not tender the amounts of the alleged minimum wages owed, a timely action may proceed. If, however, the statute of limitations has expired, the action may be stayed to allow for proper notice to be issued and for the cure period. *Dominguez, supra.*

[5] Plaintiffs admit that they sought payment of liquidated damages and attorneys' fees but that such does not invalidate the notice or make it deficient. Plaintiffs cite no case law to support this assumption. Further, the clear language of the statute and the purpose of the cure period belies plaintiffs' unsupported argument.

comply with the pre-suit notice requirement.

Turning now to the issue of plaintiffs' motion to conditionally certify collective action, the undersigned recommends that this motion be denied as premature. In that the undersigned recommends dismissal of Count III, plaintiffs will need to present proper pre-suit notices for all the plaintiffs that are in compliance with the language of the statute. If defendant tenders the unpaid minimum wages owed and demanded, plaintiffs' FLSA claims may be mooted as well. However, in that the parties did not fully brief same, the undersigned declines at this time to address an issue which is not before the Court. If defendant fails to tender the unpaid minimum wages, then plaintiffs can refile a motion to have this court determine if a collective action is warranted. Any determination regarding such issues would simply involve conjecture and speculation at this time and is premature and not ripe for review by this Court.[6]

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends:

(1) that Defendant's Motion to Dismiss Count III of the Amended Complaint be GRANTED;

(2) that Defendant's Motion for Costs be DENIED; and

(3) that Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members be DENIED as premature.

The parties may serve and file written objections to this Report and Recommendation with

---

[6] Defendant argues that it has offered to tender payment to all plaintiffs of all unpaid overtime and minimum wages, and liquidated damages that could be recovered under the FLSA, rendering the FLSA claims moot. Under that scenario, the Eleventh Circuit has held that no collective action could be maintained. See *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003). As stated above, since the motion before the court solely addresses Count III, all other issues are not ripe for review at this time.

the Honorable James Lawrence King, United States District Judge, within 10 days of receipt. *See* 28 U.S.C. § 636 (b)(1)(c); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert denied*, 460 U.S. 1087 (1983); and *Hardin v. Wainwright*, 678 F.2d 589, 592 (5th Cir. Unit B 1982); *see also Thomas v. Arn*, 474 U.S. 140, 153 (1985).

DONE AND ORDERED in Chambers, at Miami, Florida, this 4th day of February, 2011.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
The Honorable James Lawrence King
All counsel of record